**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
CENTRAL DIVISION

JOHN STANLEY, JR.                                                          **PLAINTIFF**

                                                                **FILED**
VS.                      CASE NO. 4:21- cv-00797 BSM      **U.S. DISTRICT COURT**
                                                          **EASTERN DISTRICT ARKANSAS**

STEPHEN CANINO, Individually and in his                  SEP 0 8 2021
Official Capacity as a FAULKNER COUNTY
SHERIFF'S DEPUTY, TIM RYALS, in his Capacity      **TAMMY H. DOWNS, CLERK**
as FAULKNER COUNTY SHERIFF, CITY OF               By:_____
GREENBRIER, ARKANSAS, and JOHN DOE 1                                **DEP CLERK**
                                                         **DEFENDANTS**

## COMPLAINT

COMES Plaintiff, **JOHN STANLEY, JR.**, by and through counsel, **SUTTER &**
**GILLHAM, P.L.L.C.**, for this Complaint, he states:

### PARTIES AND JURISDICTION

1.      Plaintiff is a resident and citizen of Faulkner County, Arkansas.

2.      Defendant, Stephen Canino, is a Deputy for the Faulkner County Sheriff
Department.

3.      Defendant, Tim Ryals is the duly elected Sheriff of Faulkner County, Arkansas;
and, therefore, is the policymaker for the Sheriff's Department.

4.      Defendant, City of Greenbrier, is a public entity that employs numerous law
enforcement officers.

5.      Defendant, John Doe 1, is a police officer that worked for the City of Greenbrier.

6.      Plaintiff brings this action pursuant to 42 USC §1983. At all times relevant,
Defendants were operating under color of state law.

7.      This is an action for assault, battery, a violation of the Arkansas Civil Rights Act,
violation of Title II of the ADA, and a violation of the Fourth Amendment.

This case assigned to District Judge __MILLER__
and to Magistrate Judge__KEARNEY__

8.     This Court has personal and subject matter jurisdiction pursuant to 28 USC §1331. Since the acts giving rise to this action occurred in Faulkner County, Arkansas, venue is proper under 28 USC §1391(b).

## GENERAL ALLEGATIONS OF FACT

9.     On March 26, 2021, Plaintiff was driving his truck north on Highway 65.

10.    Plaintiff is a Type I Diabetic.

11.    While driving, Plaintiff felt the onset of a hypoglycemic episode, so he tried to get his vehicle out of traffic.

12.    Since there was no turn off, Plaintiff pulled his truck into the center lane. From there, Plaintiff entered a comatose state.

13.    Separate Defendant, Deputy Canino, arrived at the scene to find Plaintiff in his truck.

14.    When Separate Defendant, Deputy Canino, approached the vehicle, Plaintiff's window was down and Plaintiff was leaning against the window.

15.    When Separate Defendant, Deputy Canino, first spoke to Plaintiff, Deputy Canino, realized that Plaintiff needed medical attention.

16.    Shortly after walking up to the vehicle, Deputy Canino asked Plaintiff if he needed medical attention to which Plaintiff was nonresponsive.

17.    Plaintiff continued to be nonresponsive to Deputy Canino, so Deputy Canino and another officer walked around the vehicle for officer safety. Deputy Canino then reached inside the vehicle to unlock the doors. Plaintiff did not resist.

18.    Another officer then reached inside the vehicle to turn off the vehicle. Plaintiff did not resist.

19. After turning the vehicle off, Plaintiff was not a potential threat to himself or others.

20. Deputy Canino and another officer from the City of Greenbrier then began to pull Plaintiff out of his vehicle after he failing to respond to their order to step out of the vehicle.

21. From Deputy Canino's own personal experience while working in the jail, he has said happens to a Type I Diabetic when in a hypoglycemic episode. This includes being nonresponsive, being unaware of surroundings, and the body rejecting what's going on around him.

22. Deputy Canino and other officers tased Plaintiff numerous times and even broke Plaintiff's hand even though he was not actively resisting.

### COUNT I

23. Plaintiff realleges the foregoing as if fully setout herein.

24. Plaintiff is a US citizen who has a Fourth Amendment right to be free from an unreasonable search and seizure. Plaintiff was not actively resisting arrest, so there is no justification for Deputy Canino's use of force.

25. Therefore, Defendant violated Plaintiff's State and Federal Constitutional Rights to be free from unreasonable search and seizure, as well as used excessive force in violation of the Arkansas Civil Rights Act of 1993 and the 4th Amendment.

26. Indeed, Defendant's actions constitute common law assault and battery, as well as a violation of AC.A.§ 5-13-202. Defendant had no cause to touch the Plaintiff without his consent, yet he did so anyway, causing Plaintiff serious physical injury. Thus, Plaintiff is a victim of a felony and entitled to recover under ACA § 16-118-107.

27. Defendant's conduct was a result of the Separate Defendant, Faulkner County Sheriff's Office's, failure to train its officers on the reasonable use of force.

28.    As a direct and proximate cause of Defendants' intentional actions, Plaintiff has suffered severe mental and emotional distress, lost work, incurred medical bills, has been seriously physically injured and incurred other expenses in an amount to be proven at trial.

29.    The individual Defendants should be held liable for punitive damages under Federal law, since the Defendants acted with deliberate indifference to Plaintiff's State and Federal Constitutional rights. The Defendant should be liable for individual and punitive damages in his individual and official capacity under state law.

## COUNT II

30.    Plaintiff realleges the foregoing as if fully setout herein.

31.    Plaintiff is a qualified person with a disability and Defendants' are public entities.

32.    Defendants had a duty to provide reasonable accommodations to Plaintiff.

33.    Defendants did not accommodate Plaintiff's disability which was a result of Defendants' failure to train their officers on how to deal with a qualified person with a disability in violation at Title II of the American Disability Act.

34.    As a direct and proximate cause of these actions, Plaintiff has suffered severe mental and emotional distress, lost work, incurred medical bills, has been seriously physically injured and incurred other expenses in an amount to be proven at trial.

## JURY DEMAND

35.    Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, **JOHN STANLEY, JR.**, prays for appropriate compensatory and punitive damages exceeding One Million Dollars and 00/100 dollar ($1,000,000.00); for reasonable attorneys' fees and costs; for a trial by jury; and, for all other proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorneys for the Plaintiff


By:    */s/ Luther Oneal Sutter*
       Luther Oneal Sutter, ARBN 95031
       Luthersutter.law@gmail.com


By:    */s/ Lucien R. Gillham*
       Lucien R. Gillham, ARBN 99199
       Lucien.gillham@gmail.com