IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN STANLEY JR.                                                                    PLAINTIFF

v.                              CASE NO. 4:21-CV-00797-BSM

STEPHEN CANINO, *et al.*                                                          DEFENDANTS

### ORDER

Defendants' motions for summary judgment [Doc. Nos. 40 and 44] are granted, and John Stanley Jr.'s amended complaint [Doc. No. 29] is dismissed with prejudice.

### I. BACKGROUND

Stanley is suing Faulkner County Sheriff Tim Ryals, his deputies Stephen Canino and Quincy Tims, the City of Greenbrier, and Greenbrier Police Officer Robert Wilcox for violating the Fourth Amendment, the Americans with Disabilities Act, and Arkansas law. Am. Compl., Doc. No. 29. He is claiming that defendants used excessive force against him and failed to accommodate his disability. *Id.* Summary judgment is granted for defendants because the evidence, especially the body-camera video, provides a clear picture of what the defendants faced on the night in question and it clearly shows that the force used by the officers was objectively reasonable.

Stanley, who suffers from type one diabetes, was driving his pickup truck on Highway 65 at night when he felt the onset of a hypoglycemic episode. Pl.'s Resp. to Defs.' Statement of Facts at ¶¶ 1–8, Doc. No. 58. He drove his truck into the center turn lane of the highway and came to a complete stop. *Id.* at ¶ 9. Stanley was not wearing a medical alert bracelet or

necklace and had nothing identifying him as someone with a medical condition. *Id.* at ¶ 5.

Deputy Canino was called to the scene, and when he arrived, he found Stanley slumped over and leaning against the driver's-side door. *Id.* at ¶¶ 10–12. Stanley's window was down, so Canino asked if he was having any medical problems. *Id.* at ¶ 14; Defs.' Ex. No. 5, Body Camera Video, at 21:17:03, Doc. No. 43. Although Stanley appeared conscious, he did not respond verbally. Defs.' Ex. 5, Body Camera Video, at 21:17:03. For several minutes, Canino stood in the highway, with cars driving by at fairly high rates of speed, attempting to speak with Stanley, but received no response. *Id.*

Officer Wilcox arrived in response to a call made to the Greenbrier Police Department. Pl.'s Resp. to Defs.' Statement of Facts at ¶¶ 15–16. Wilcox and Canino attempted to speak with Stanley but received no response. *Id.* at ¶¶ 17–20. The officers decided to move Stanley's truck from the highway because it was causing an unsafe condition, so they directed Stanley to step out of the truck. *Id.* at ¶ 18. When Stanley failed to respond, the officers opened his door, but Stanley physically resisted the officers' efforts to remove him. *Id.* at ¶ 22; Defs.' Ex. 5, Body Camera Video at 21:24:00. The officers then took Stanley to the ground and attempted to handcuff him. Pl.'s Resp. to Defs.' Statement of Facts at ¶ 23; Defs.' Ex. 5, Body Camera Video at 21:24:10. Stanley continued to resist, and Wilcox deployed his taser. Pl.'s Resp. to Defs.' Statement of Facts at ¶ 27; Defs.' Ex. 5, Body Camera Video at 21:24:46.

Deputy Tims, who had recently arrived, employed a thumb lock maneuver to handcuff

Stanley. Pl.'s Resp. to Defs.' Statement of Facts at ¶¶ 25, 29. In the process of doing so, Tims broke Stanley's thumb. *Id.* at ¶ 29. Stanley was handcuffed and placed in Canino's patrol car. Defs.' Ex. 5, Body Camera Video at 21:31:00.

Stanley then told the officers that he had type one diabetes, and Canino asked Stanley when he last took his medication. Pl.'s Resp. to Defs.' Statement of Facts at ¶¶ 31–33; Defs.' Ex. 5, Body Camera Video at 21:35:10. Canino then, with Stanley's permission, went to Stanley's truck and found Stanley's medication and some candy in a backpack, and brought them to Stanley. Defs.' Ex. 5, Body Camera Video at 21:39:40. Stanley declined to be transported by ambulance to the hospital, and instead called his girlfriend, who picked him up. Defs.' Ex. 5A, Body Camera Video at 21:54:20. Stanley agreed to allow Wilcox to drive the truck to a nearby gas station so that it would not have to be towed, and Canino drove Stanley to meet his girlfriend so that she could drive him to get medical attention. Defs.' Ex. 5B, Body Camera Video. Both Stanley and Canino repeatedly apologized to each other about the situation. Defs.' Ex. 5A, Body Camera Video at 22:01:40.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.

*Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Defendants' motions for summary judgment are granted, and Stanley's claims are dismissed with prejudice.

A.  <u>Fourth Amendment and Arkansas Civil Rights Act</u>

Stanley's Fourth Amendment and Arkansas Civil Rights Act claims are addressed together because they are analyzed under the same framework. *See Ross v. City of Helena-West Helena*, 202 WL 7034479, *6 (E.D. Ark. Nov. 30, 2020). Summary judgment is granted because the force used by the officers was objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 396 (1989).

It is undisputed that Stanley's truck was unsafely stopped on the highway, that he did not respond to the officers when they attempted to speak with him, that he was unable to get out of his truck on his own, that the officers used force to remove Stanley from his truck, and that the officers deployed a taser and thumb lock maneuver. Pl.'s Resp. to Defs.' Statement of Facts at ¶¶ 14, 20, 27, and 29; Stanley Dep. at 78–79, Doc. No, 44-1. Stanley argues that defendants' actions were unreasonable because they should have known that he was having a medical emergency, and that any resistance that Stanley provided in response to the

officers' attempts to remove him from the truck was involuntary and completely void of intent.

The problem with these arguments is that neither of the officers knew that Stanley had an underlying health condition until after Stanley was handcuffed and placed in the patrol car. In fact, Stanley gave no response to the officers until he began resisting their attempts to remove him from his truck. Defs.' Ex. 5, Body Camera Video at 21:40:00. The officers' attempts to subdue Stanley were not excessive. *See Schoettle v. Jefferson County*, 788 F.3d 855 (8th Cir. 2015) (no excessive force where insulin-dependent diabetic's rib was broken when he was forcibly removed from a vehicle parked on the side of the highway when the plaintiff was suffering a diabetic episode). The City of Greenbrier is also entitled to summary judgment because Stanley has not shown that a custom, policy, or practice of the City caused the officers to violate his rights. *See Board of Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

B. <u>Battery</u>

Summary judgment is granted on Stanley's battery claims. The officers could be charged with battery if, "with the purpose of causing physical injury to [Stanley], the [officers] cause[d] serious physical injury to [Stanley]." Ark. Code. Ann § 5-13-202. And, Stanley would be permitted to sue the officers for damages for the injuries he suffered as a result of the officers' felonious conduct. Ark. Code Ann. § 16-118-107(a)(1). Summary judgment is granted on this claim because the force used by the officers was objectively

5

reasonable and because the officers lacked the requisite criminal intent to commit a criminal violation. *See K.M. v. State*, 335 Ark. 85, 90, 983 S.W.2d 93, 95 (1998).

    C.    <u>Failure to Train</u>

Summary judgment is granted on Stanley's failure to train claim against the Faulkner County Sheriff's Department because the deputies' actions were objectively reasonable. *See Veneklase v. City of Fargo*, 248 F.3d 738, 748 (8th Cir. 2001) (agency cannot be liable for inadequate training when the officer did not violate a constitutional right).

    D.    <u>Americans with Disabilities Act</u>

Summary judgment is granted on Stanley's claims under Title II of the Americans with Disabilities Act.

*1. Failure to Accommodate*

Stanley argues that defendants violated the ADA by failing to reasonably accommodate him. Am. Compl. at ¶ 40. Summary judgment is granted on Stanley's individual capacity claims because there is no individual liability under the ADA. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014). Summary judgment is granted on Stanley's official capacity claims because he has failed to show that defendants denied him reasonable accommodations.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

To state a claim under Title II of the ADA, Stanley must show that 1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise subjected to discrimination by the public entity; and 3) that such discrimination was by reason of his disability. *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).

Nothing indicates that the officers failed to accommodate Stanley's disability. At the time the officers removed Stanley from his truck, none of the officers were aware of his diabetes. The officers were confronted with Stanley's truck being parked in the center lane of a fairly busy highway at night, and the necessity of removing Stanley from the truck so the truck could be moved. When Stanley began resisting, whether voluntarily or involuntarily, it was objectively reasonable for the officers to use force to remove him and subdue him so that the truck could be removed from the highway.

### 2. Failure to Train

Stanley alleges that defendants failed to accommodate his disability because they were not trained on how to deal with a person with a disability. Compl. at ¶ 40. To succeed on this claim, Stanley must show that his rights were violated as a result of the officers' deliberate indifference, and that the officers' deliberate indifference was a direct result of a failure to train. *See Andrews v. Fowler*, 98 F.3d 1069, 1076–77 (8th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 389–90 (1989)).

Summary judgment is granted on this claim, first and foremost, because Stanley has

failed to show that the officers failed to accommodate his disability. Even if Stanley were able to prove that the officers failed to accommodate him, summary judgment would be granted on his failure to train claim because he has not shown that the City of Greenbrier or Sheriff Ryals were deliberately indifferent when training their officers and deputies. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) *(*A pattern of similar constitutional violations by untrained employees is usually necessary to show deliberate indifference).

## IV. CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment [Doc. Nos. 40 and 44] are granted, and this case is dismissed with prejudice.

IT IS SO ORDERED this 12th day of May, 2023.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE